WORDEN P. HOLM *v.* JAMES M. BRYANT.
SAME *v.* G. B. BATES'S ADM'R.

**Rescission of Contract.**

> When a suit is brought to rescind a contract and the court cannot
> place the parties in status quo because the land exchanged had been
> sold, the only equitable adjustment is to require the vendor of such
> land to pay back the value of the land.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 10, 1877.

OPINION BY JUDGE PRYOR:

In the consolidated actions Nos. 21475 and 24258, it was adjudged
that the contract of assignment made by the appellee, Bryant, to
George Bates, Jr., of the bond of Holm for title to certain land, be
cancelled, and that Bryant refund to Bates's administrator the sum
of $12,136.80, less the set-off of Bryant amounting to $1,804.97.
This sum of money was required to be paid by the appellee to Bates's
administrator for the reason, as the chancellor expressly determined,
that Bates had paid to him (the appellee) $9,600.00 at the time of
the contract between the two, or let the appellee have land of that
value. It is therefore evident that Bryant was only compelled to
pay back what he had received, and had sustained no damage so far
as appears from that record other than the expense incurred in re-
sisting the effort of Bates to rescind the contract. The chancellor
could not place the parties in status quo because the land that Bates
had exchanged with Bryant had been sold by the latter; and the only
equitable adjustment was to require Bryant to pay back to Bates, or
his representative, the value of the land. This was done, and al-
though the estimate placed upon the land may have been for a
greater sum than its real value, still the judgment is final between the
parties, and as Bryant failed to prosecute his appeal the judgment is
necessarily in full force against him, and the appeal of Holm must be
dismissed, as there was no judgment rendered against him in that
consolidated action.

The proceedings in that case may be used as evidence against him
so far as his connection with the case is concerned, but there being
no judgment against him the same cannot be pleaded as determining
the rights of Holm and Bryant in the present action. It is imma-
terial, however, what effect it had upon the rights of the parties upon
the question of rescission, as we are satisfied that Holm, by reason

of his having sold portions of the land embraced in the title bond, was in no condition to comply with the terms of his bond, by locating the land sold to Bryant as he had agreed to do, and his tardiness in making an effort to execute his contract was sufficient to induce the chancellor to believe that any further indulgence would be useless.

The land set apart to appellant in the division with Pope was not only less than he·had agreed to convey to the appellee, but was laid off in such a manner as rendered it impossible for him to comply. During the progress of the litigation with Bates, the appellee, becoming restless and uneasy in regard to the title, demanded of Holm a bond of indemnity, which was given, conditioned that if appellant failed to make title he would hold appellee harmless from all damages of whatever character which might be adjudged to be paid by said defendants by the decree, also all costs expended.

We see no reason why the delay of Holm in perfecting the title, and the indulgence given him by the appellee to secure it, is not a sufficient consideration for upholding the agreement. He, in effect, said to Bryant: "Let this suit progress. I am able and will make title, and to indemnify you fully will execute such a bond as you require." The release of Mrs. Bush of her claim to the Illinois property, if any she had, constituted no consideration, as Bryant was under a legal obligation to make that title perfect. The appellant having paid off the judgment against Bryant in favor of Bates, his liability originating by reason of his becoming surety on the replevin bond, and having taken an assignment to himself, is now prevented from making it out of the estate of Bryant for the reason that it was his own debt, and not Bryant's, such is the effect of the judgment from which the present appeal is taken.

Conceding that the petition contains such a statement of facts as required the interposition of the chancellor, and the learned counsel for the appellant seems not to question it, it becomes necessary to ascertain how and in what manner the debt of the appellee to Bates became the debt of Holm. Appellant became liable to Bates or his administrator because he signed the replevin bond as surety, but we find nothing in this record making it appellant's debt as between him and the appellee. It was a personal judgment against the appellee, and the appellant had never agreed to pay it. He had obligated himself in the penalty of ten thousand dollars to pay all the damages of whatever character might be adjudged against the appellee. This did not include or embrace the money that appellee had received from

Bates and was compelled to pay back, or the value of land he was required to account for. The judgment against Bryant, of which he makes no complaint, determined that he had received that much from Bates, and when he is required to pay this back and take his bond so far as that record shows he has lost nothing except his costs and expenses.

Whether the property secured by Bryant from Bates was worth more than that embraced in the title bond does not appear. The chancellor, it is true, fixed its value at $9,600, and the appellee insists that the land embraced in the bond was worth that much. If so, he has sustained no damages, nor was that sum adjudged to Bates as damages. Suppose Bryant, instead of selling the land he obtained of Bates, had retained it. The chancellor would have required him upon the rescission of the contract to restore the land and thus placed the parties in status quo. Having sold the land he was required to pay its value, and no damages were really awarded by the judgment. What loss the appellee sustained by having his bargain cancelled he does not allege, but proceeds upon the idea that he is entitled, as between himself and Holm, to make Holm pay the whole judgment. The appellee being entitled to a rescission of the contract, and asking for this relief, the chancellor should have placed these parties in reference to the property in the position they were before or at the time the bond was executed. The appellee demanding a rescission, and the appellant insisting that he could make title, upon such an issue the chancellor, when cancelling the bond, should have required appellant to reconvey the Indiana farm, and the appellee to surrender the notes or account for the proceeds, and reconvey any other property he received as a consideration therefor, and as appellant was in default, require him to pay all the costs and expenses attending the same.

If the parties have disposed of the property, or such a judgment is impracticable, and each of the parties have placed a fictitious value on their property, then appellant must account for and pay to the appellee the fair value of the property he was to let them have in exchange for the Indiana farm, its value to be estimated at the time the exchange took place. If there was a fictitious value placed upon the property owned by each, there is no reason why its real value should not be shown. While the estimate placed upon it by the parties may be persuasive as to its value, it is not to be regarded as conclusive.

It was a mere exchange of land and the bond fixes no price at

which it was to be received. If, however, the Indiana farm was worth $15,000, and this was the price to be paid for it, and the property taken as so much money, and this Portland property was valued at $9,000, the appellant must account for it at that price. He ought not to be allowed, when unable to comply with his contract, to retain property worth $15,000 at the time he made the purchase for a less sum, for the reason that the property he let appellee have was worth less than the valuation. Such a result would enable him to practice a wrong on appellee by reason of his own default.

We are not satisfied from the proof that the appellant practiced a fraud. The land had not at the time of the exchange been divided between Pope and the appellant; and while the fact that a part of the land had been sold was not disclosed, it may be that appellant supposed the remainder could be laid off in such a way as to enable him to comply with the stipulations of his bond; besides it is not alleged that appellant perpetrated a fraud, and without this allegation and proof the chancellor will not be induced to enhance the measure of damages. The reply filed alleged that the appellant knew he had no title, but this pleading was filed against the objection of the appellant, and if a reply were necessary the appellee could amend his pleading in that way when not responsive to the matters alleged in the set-off or counterclaim. This is not material, however, as we think no fraud is established.

It is evident, however, that the bond of indemnity was intended to secure the appellee in the damages he had sustained by reason of the rescission of the contract with Bates. These damages are the difference between the value of the property exchanged. If appellee's property he received in exchange for the Portland property were worth more than the last named property, having to surrender it by reason of the recission, he is entitled to recover what he lost by his bargain. It is also proper to suggest that the value, as proved by the judgment in the case of Bryant against Bates is not conclusive of this question. The appellant has been made to account for the whole of the judgment in favor of Bates against the appellee, as damages, and after a careful consideration of the proof we are satisfied it was far too much. As the record is now presented, giving the appellee as damages the value of the Portland property and the amount of loss sustained by him on account of the loss of the bargain between him and Bates, the judgment is for a much greater sum than it should be. As the case must go back for further proof upon this point, this court will not now fix the estimate, and for the additional

15

reason that the chancellor, in rescinding the contract between Holm and appellee, may find that he can place the parties in the condition they were before the contract was made. Holm, having undertaken to pay the appellee the damages he sustained in the suit of Bryant against Bates, and that judgment certainly including a part of the damages, if any, for which Holm was primarily liable as between himself and the appellee, the chancellor, we think, properly asserted his efforts to make the whole of this collection out of Bryant, and as he is in default must await the termination of this litigation in order that it may be ascertained what part of it he is entitled to collect. The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

The appeal in the case of *Holm v. Bates's Adm'r* is dismissed. The appellee may be allowed to amend his pleadings in so far only as to set forth specifically the damages sustained by him by reason of the judgment in favor of Bates, that is, the difference between the value of the two pieces of property, the title to which passed by the exchange with Bates.

On a petition for rehearing this opinion is modified by allowing the appellant, if he desires, to amend his pleading also.

*James Harrison, for appellant.*
*Ben Goodloe, Humphrey, for Bryant.*
*William Mix, for Bates's Adm'r.*